## IN  THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459      *

        Plaintiff      *

        v.        *    CIVIL ACTION NO. GLR-14-2633
                                      (Consolidated with GLR-14-2385
DR. AVA JOUBERT            *    and  GLR-14-2395)
DR. COLIN OTTEY
DR. RAZVI SYED             *
DR. BOLAJI ONABAJO
JOHN MOSS, P.A.             *
J. MICHAEL STOUFFER
GREGG L. HERSHBERGER      *

        Defendants      *

                                 ***

## <u>MEMORANDUM</u>

THIS  MATTER  is  before  the  Court  on  Plaintiff  Gregory  Marshall's  Petition  for Emergency Injunction (sic) Relief or, in the Alternative, Restating Order Relief(s), Motion to Amend  Plaintiff's  Complaint  and  Amend  with  New  Defendants,  and  Motion  for  a  Live Conference.  ECF Nos. 4, 6, 13, GLR-14-2385. The Office of the Attorney General filed a response to the Petition, but did not respond to Marshall's Motions.  ECF No. 10, GLR-14-2385. Marshall filed a reply (ECF No. 14, GLR-14-2385), and the Petition is ripe for disposition.  The Motions are unopposed.  No hearing is necessary.  <u>See</u> Local Rule 105.6 (D.Md. 2014).[1]  For the reasons stated below, the Petition and Motions will be denied.

---

[1] Accordingly, Marshall's Motion for a Live Conference (ECF No. 13) will be denied.

## I.    BACKGROUND

Plaintiff Gregory Marshall is barred from civil filings under the "three strikes" provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2012). [2]   Nonetheless Marshall, confined at the North Branch Correctional Institution in Cumberland ("NBCI"), filed three civil rights Complaints against corrections personnel ("the Correctional Defendants") and contractual medical personnel ("the Medical Defendants") seeking injunctive relief mandating his transfer from NBCI to a Maryland Division of Correction facility closer to the University of Maryland Medical Center ("UMMC") so that he can resume radiation treatment for prostate cancer. Because the allegations in the Complaint demonstrated a possibility that Marshall would suffer imminent harm if preliminary injunctive relief were not granted, the cases proceeded.  Claims not directly related to the alleged lack of medical treatment were dismissed.  The cases were then consolidated. See ECF No. 19, No. GLR-14-2633; see also ECF No. 3, GLR-14-2395.

In the first action, Marshall v. Syed, No. GLR-14-2385, Marshall sues Medical Defendants Rizvi Syed, Bolaji Onabanjo and John Ross, and seeks injunctive relief and monetary damages.  In Marshall v. Stouffer, No. GLR-14-2395, Plaintiff names the Correctional Defendants, J. Michael Stouffer and Gregg L. Hershberger, and requests injunctive relief.  On September 8, 2014, the Office of the Maryland Attorney General was directed to respond to Marshall's Petition for Injunctive Relief.  ECF No. 5.  The Office of the Attorney General filed its response on September 29, 2014.  ECF No. 10.  In the above-captioned, lead consolidated case, Marshall requests injunctive relief and seeks monetary damages against additional Medical Defendants Dr. Ava Joubert and Dr. Colin Ottey.  Counsel for the Maryland Attorney General

---

[2] Plaintiff previously has sued alleging improper care regarding his prostate disease.  See Marshall v. Patel, No. RWT-13-2813 (D.Md. Apr. 9, 2014) (dismissing complaint alleging denial of appropriate pain medication by outside oncologists at UMMC); Marshall v. Bishop, No. RWT-12-985 (D.Md. May 7, 2013) (dismissing action seeking injunctive relief).

provided a detailed Response to Show Cause (ECF No. 17), which includes an affidavit by Medical Defendant Ottey.  Marshall filed a reply thereto.  ECF No. 14, No. GLR-13-2385.

## II.    DISCUSSION

### A.  Injunctive Relief

"A preliminary injunction is an extraordinary and drastic remedy."  See Munaf v. Geren, 553 U.S. 674, 689 (2008) (internal quotation marks omitted) (quoting 11A C. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2948 (2d ed. 1995)).  To obtain a preliminary injunction, a movant must demonstrate:  1) he is likely to succeed on the merits, 2) he is likely to suffer irreparable harm in the absence of preliminary relief, 3) the balance of equities tips in his favor, and 4) an injunction is in the public interest.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  All four of the requirements must be established independently.  Pashby v. Delia, 709 F.3d 307, 321 (4th Cir. 2013).  A plaintiff seeking a preliminary injunction must always "demonstrate that irreparable injury is likely in the absence of an injunction" even though he has established a likelihood of succeeding on the merits.  Winter, 555 U.S. at 22 (emphasis in original).

Here, the Court finds Marshall is not likely to succeed on the merits.  To state a claim for a federal constitutional deprivation related to a prisoner's medical care, the prisoner must show that he has suffered deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A prisoner's disagreement with a prescribed course of treatment does not establish deliberate indifference, and therefore does not state a claim.  See Peterson v. Davis, 551 F.Supp. 137, 146 (D.Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Likewise, claims of medical negligence or disputed questions of medical judgment are not cognizable because they do not involve deliberate indifference.  See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)

(stating questions of medical judgment are not subject to judicial review).  Indeed, the "mere failure to treat all medical problems to a prisoner's satisfaction . . . is insufficient to support a claim under § 1983." Peterson, 551 F.Supp. at 146; accord Fore v. Goodwin, 407 F.Supp. 1145, 1146 (citing Cole v. Williams, 526 F.2d 588 (4th Cir. 1975)) ("A prisoner cannot be ultimate judge of what medical treatment is necessary or proper . . . .").

Medical Defendant Ottey, a physician licensed in Maryland, is the Medical Director of Wexford Health Sources, Inc. to provide medical care to NBCI prisoners and also serves as the Medical Director of that facility.  Colin Ottey's Aff. ¶ 1, ECF No. 17-2.  Ottey has treated Marshall, is familiar with the claims raised herein, and has reviewed relevant medical records. Id. ¶ 3.  To treat his prostate cancer, Marshall was regularly monitored by oncologists and radiologists at UMMS and, on June 12, 2013, began receiving radiation and hormone therapy. Id. ¶ 7.

Ottey avers Marshall was repeatedly non-compliant with his radiation therapy treatment plan by refusing to attend radiation therapy sessions.  Id. ¶ 8.  Marshall claimed that his refusals were partly due to an alleged inability to walk and his treating physician's alleged failure to address his complaints of post-radiation therapy pain.  Id.  Marshall was advised of the risks associated with refusing radiation therapy, but continued to refuse radiation treatment.  Id.  Ottey states Marshall refused to attend radiation therapy sessions on 16 occasions between July 23, 2013, and September 19, 2013.  Even when advised missing additional sessions would result in cancellation of the radiation therapy, Marshall missed his next session.  Accordingly, the radiation therapy was terminated on September 23, 2013.  Id.

Marshall claims he refused to attend radiation therapy sessions due to his unaddressed complaints of post-radiation therapy pain.  Ottey states Marshall was prescribed several pain

medications which, in his medical opinion, should have provided adequate management of Marshall's pain and related complaints.  Id. ¶ 12.

A psychiatric evaluation was requested to evaluate Marshall's continued refusal to comply with his radiation therapy treatment plan and determine if he was able to make sound and responsible decisions concerning his health and general welfare.  Id. ¶ 15.  In December 2013, the evaluation was completed and it was determined that Marshall was competent to decide to refuse radiation therapy.  Id.  Marshall continued to refuse to attend appointments related to his radiation treatment.  Id. ¶ 16.

Despite Marshall's continued assertions that his prostate cancer is spreading, there has never been any diagnostic evidence demonstrating that his prostate cancer has metastasized or that his disease is recurrent.[3]  Id. ¶ 19.  Marshall's various scans were negative for metastases and acute disease including mass or lesion.  Id.  Additionally, Plaintiff's most recent prostate-specific antigen test on July 11, 2014 indicated no active prostate cancer.  Id.  On September 19, 2014, Marshall expressed to Ottey that he would be compliant going forward with any new proposed treatment plan and was, therefore, approved to be evaluated by both urology and oncology specialist via telemedicine conference.  Id. ¶ 20.  The Court finds Marshall's disagreement with his prescribed course of treatment does not establish deliberate indifference and, therefore, he does not state a claim for a federal constitutional deprivation.  Accordingly, the Court will deny Marshall's requests for injunctive relief.

Further, Marshall makes no direct claim against Correctional Defendants Stouffer or Hershberger.  As non-medical correctional officials, these Defendants were entitled to rely on the medical judgment and expertise of prison physicians and medical staff concerning the course of

---

[3] Additionally, Ottey states Marshall's complaints about his vision and inability have been address my medical personnel and were found to be unsubstantiated.  Ottey's Aff. ¶¶ 9, 17.  Ottey further states Marshall is receiving treatment for hematuria.  Id. ¶ 18.

treatment necessary for Marshall.  See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995); Miltier

v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990) (stating supervisory prison officials are entitled to

rely on professional judgment of trained medical personnel and may be found to have been

deliberately indifferent by intentionally interfering with an inmate's medical treatment ordered

by such personnel), overruled in part on other grounds by Farmer v. Brennan, 511 U.S. 825, 837

(1994).  Accordingly, the Correctional Defendants will be dismissed.

### B.  Motion to Amend

Marshall's Motion to Amend seeks to add Medical Defendants Joubert and Ottey, but

they are currently parties in this matter.  Further, the Motion seeks to add Correctional Defendant

Warden Frank Bishop and includes concerns Marshall's claims of wrongful transfer from Jessup

Correctional Institution to NBCI based on a prison adjustment proceeding and the loss of

privileges attendant thereto.  Bishop was previously dismissed from this matter.  ECF No. 3.

Also, Marshall's claims regarding his transfer were previously dismissed.  ECF No. 18.  The

Court will, therefore, deny Marshall's Motion to Amend.

### III.   CONCLUSION

For the forgoing reasons, the Court will deny Marshall's requests for injunctive relief

(ECF No. 4, GLR-14-2385) and dismiss Correctional Defendants, Stouffer and Hershberger,

from this matter.  Also, the Court will deny Marshall's Motion to Amend Plaintiff's Complaint

and Amend with New Defendants and Motion for a Live Conference.  ECF Nos. 6, 13, GLR-14-

2385.  A separate Order follows.

January 21, 2015                                    /s/

                                   _____
                                   George L. Russell, III
                                   United States District Judge

6