IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY MARSHALL, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. GLR-14-2633 |
| | | (Consolidated with GLR-14-2385 |
| DR. AVA JOUBERT, et al., | * | and GLR-14-2395) |
| Defendants. | * | |

**MEMORANDUM**

THIS MATTER is before the Court on Plaintiff Gregory Marshall's Motion for Reconsideration of the January 21, 2015 Memorandum and Order denying Marshall's request for emergency preliminary injunctive relief (ECF No. 31) and Motion to Amend Complaint (ECF No. 37), and Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 23, 38). The Motions are ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons stated below, the Motion for Reconsideration and Motion to Amend Complaint will be denied and the Motion to Dismiss, treated as a Motion for Summary Judgment, will be granted.

**I. BACKGROUND**

As previously discussed in the Memorandum of January 21, 2015, although barred from civil filings under the "three strikes" provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2012), this Court permitted Marshall's Complaints against corrections personnel and contractual medical personnel to proceed. (ECF No. 29). Marshall is seeking injunctive relief mandating his transfer from NBCI to a Maryland Division of Correction facility closer to the University of Maryland Medical Center ("UMMC") so that he can resume radiation treatment for prostate cancer. Because the allegations in the Complaint demonstrated a possibility that Marshall would suffer imminent harm if preliminary injunctive relief were not granted, the cases proceeded;

claims not directly related to the alleged lack of medical treatment were dismissed. The cases were then consolidated. (ECF No. 19).[1]

Injunctive relief was denied upon a finding that Marshall is not likely to succeed on the merits, because he did not show that he suffered deliberate indifference to a serious medical need in violation of the Eighth Amendment. (ECF No. 29). In denying injunctive relief, the Court found that to treat his prostate cancer, Marshall was regularly monitored by oncologists and radiologists at UMMC and, on June 12, 2013, began receiving radiation and hormone therapy. (Id.). Marshall was repeatedly non-compliant with his radiation therapy treatment plan by refusing to attend radiation therapy sessions, stating he was unable to walk. He claimed his non-compliance was the result of his treating physician's alleged failure to address his complaints of post-radiation therapy pain. (Id.). Marshall was prescribed several pain medications which, in Dr. Ottey's medical opinion, should have provided adequate management of Marshall's pain and related complaints. (Id.). Marshall was advised of the risks associated with refusing radiation therapy, but continued to refuse radiation treatment on sixteen occasions between July 23, 2013, and September 19, 2013. (Id.). Though advised that missing additional sessions would result in cancellation of the radiation therapy, Marshall missed his next session. (Id.). Radiation therapy was terminated on September 23, 2013. (Id.).

Thereafter, Marshall was provided psychiatric examination to evaluate whether he was able to make sound and responsible decisions concerning his health and general welfare. In December

---

[1] In Marshall v. Syed, No. GLR-14-2385 (D.Md. 2014), Marshall sues Medical Defendants Rizvi Syed, Bolaji Onabanjo and John Ross, and seeks injunctive relief and monetary damages. In Marshall v. Stouffer, No. GLR-14-2395 (D.Md. 2014), Plaintiff names Defendants J. Michael Stouffer and Gregg L. Hershberger and requests injunctive relief. In the above-captioned, lead case, Marshall requests injunctive relief and seeks monetary damages against Defendants Dr. Ava Joubert and Dr. Colin Ottey.

2013, the evaluation was completed and it was determined that Marshall was competent to decide to refuse radiation therapy. (Id.).

In denying injunctive relief, the Court further found that despite Marshall's continued assertions that his prostate cancer is spreading, there has never been any diagnostic evidence demonstrating that his prostate cancer has metastasized or that his disease is recurrent. Marshall's various scans were negative for metastases and acute disease, including mass or lesion. (Id.). Additionally, Plaintiff's prostate specific antigen ("PSA") test on July 11, 2014, indicated no active prostate cancer. On September 19, 2014, Marshall expressed to Ottey that he would be compliant going forward with any new proposed treatment plan and was, therefore, approved to be evaluated by both urology and oncology specialist via telemedicine conference. (Id.).

## II. DISCUSSION

**A. Motion for Reconsideration**

Marshall seeks reconsideration of the denial of his request for emergency injunctive relief. He seeks a hearing, appointment of a medical expert to provide a second opinion, and additional testing "to determine [his] cancer status at this time." (ECF No. 31).

The Court's denial of injunctive relief was premised in part on a determination that Marshall's misconduct led to the termination of radiation therapy and diagnostic evidence failed to demonstrate that his prostate cancer has metastasized or that his disease is recurrent. (ECF No. 29). To the extent that Marshall has appealed this ruling (ECF No. 34), his request for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411 (4th Cir. 2010). "Mere disagreement

does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F. 2d 1076, 1082 (4th Cir. 1993).

At best, Marshall relies on a National Cancer Institute ("NCI") information sheet stating that a PSA test alone cannot determine conclusively whether there are any cancer cells in the body, but is used to monitor for potential recurrence of the prostate cancer. (ECF No. 31-1). The information sheet indicates that a "Gleason score for prostate cancer is a way of determining the grade of the cancer. Grade refers to how likely the cancer is to be aggressive." (Id.). Marshall, however, fails to consider other information provided by the NCI indicating that a Gleason score is one of several methods used to evaluate the health of an individual who has had prostate cancer. His physicians, including an oncologist, do not find a Gleason score necessary at this time. Based on the rationale developed herein, the Court finds that Marshall has provided no basis for reconsideration of the denial of emergency injunctive relief, and no basis to order a hearing or appoint an outside physician to provide a second opinion.

**B. Motion and Notice to Amend Complaint**

On February 12, 2015, Marshall filed a Complaint concerning his prostate cancer against Bon Secours Hospital physicians Dr. Ravi K. Krishnan and Dr. Laurence H. Scipio, and prison physicians Dr. Mahboob Ashraf and Defendant Ottey. See Marshall v. Krishnan, No. GLR-15-422 (D.Md. Feb. 20, 2015). Marshall sought injunctive relief mandating he be given a digital rectal examination and a biopsy to confirm whether his prostate cancer had been eradicated. On February 20, 2015, the Court dismissed the Complaint without prejudice, indicating that Marshall could seek leave to amend the instant case pursuant to Rule 15. Id., ECF No. 3.

In his Motion to Amend, Marshall states that, on January 28, 2015, he underwent a cystoscopy at Bon Secours performed by Dr. Scipio. Scipio told Marshall that the procedure would

be limited to an examination of the urinary tract to detect cancer. Marshall now complains that the procedure was unnecessary. Instead, Marshall states that a biopsy is needed, based on a November 18, 2014 report by Dr. Krishnan indicating that Marshall's PSA level had risen from 0.147 to 0.264. (ECF No. 37). He further claims that, in February of 2015, he met with Ottey and Ashraf, who advised him of the rise in his PSA score, but refused to order a biopsy. (ECF Nos. 37, 41).

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. The rule further specifies that the court should freely give leave when justice so requires. However, "a district court may deny leave if amending the complaint would be futile – that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (citing United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).

Marshall's claims that Dr. Scipio performed an unnecessary procedure and Dr. Krishnan failed to conduct a biopsy are at best claims of malpractice, which are not cognizable here.[2] Marshall's Motion to Amend to add Dr. Scipio and Dr. Krishnan shall be denied on the basis of futility. For reasons apparent herein, Marshall's supplement to the Motion to Amend, seeking to add an additional claim against Dr. Ottey and to add Dr. Ashraf as a defendant for the alleged failure to order a biopsy, also is futile. Accordingly, the Court will deny the Motion to Amend, as supplemented.

---

[2] To the extent that Marshall wishes to pursue a state tort claim against Scipio, under Maryland law, a claim of medical malpractice could proceed only after the parties complete review before the Maryland Health Claims Arbitration Board. See Md. Code Ann., Cts & Jud. Proc., §§ 3-2A-01 et seq. (West 2015); see also Davison v. Sinai Hospital of Balt. Inc., 462 F.Supp. 778, 779-81 (D.Md. 1978); Group Health Ass'n, Inc. v. Blumenthal, 295 Md. 104, 114 (1983). There is no demonstration that Marshall has sought or completed such review.

**C. Motion to Dismiss, or in the Alternative, Motion for Summary Judgment**

"When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(b)) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (alteration in original).

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. Here, because the

Court will consider matters outside of the pleading, Defendants' Motion will be construed as a Motion for Summary Judgment.

Defendants seek summary judgment, arguing that Marshall has failed to demonstrate that they have provided constitutionally inadequate care for his prostate disease. To state a claim for a federal constitutional deprivation related to a prisoner's medical care, Marshall must show that he has suffered deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prisoner's disagreement with a prescribed course of treatment does not establish deliberate indifference and, therefore, does not state a claim. See Peterson v. Davis, 551 F.Supp. 137, 146 (D.Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Likewise, claims of medical negligence or disputed questions of medical judgment are not cognizable because they do not involve deliberate indifference. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (stating questions of medical judgment are not subject to judicial review). Indeed, the "mere failure to treat all medical problems to a prisoner's satisfaction . . . is insufficient to support a claim under § 1983." Peterson, 551 F.Supp. at 146; accord Fore v. Goodwin, 407 F.Supp. 1145, 1146 (citing Cole v. Williams, 526 F.2d 588 (4th Cir. 1975)) ("A prisoner cannot be ultimate judge of what medical treatment is necessary or proper . . . .").

As stated above, despite Marshall's continued assertions that his prostate cancer is spreading, there has never been any diagnostic evidence demonstrating that his prostate cancer has metastasized or that his disease is recurrent. Marshall's various scans were negative for metastases and acute disease. Marshall states that his PSA has risen from 0.147 to 0.264, and that a biopsy must be performed to determine whether he needs additional radiation therapy. (ECF No. 37). At best, Marshall is second-guessing the medical experts. Marshall has been provided additional tests and follow-up care to monitor his condition. (See ECF Nos. 17-2, 38-1). As such, the Court finds

Marshall has failed to demonstrate a claim for deliberate indifference.[3] Accordingly, the Court will grant Defendants' Motion for Summary Judgment.

### IV.  CONCLUSION

For the forgoing reasons, the Court will deny Marshall's Motion for Reconsideration (ECF No. 31) and Motion and Notice to Amend Complaint (ECF No. 37) and grant Defendants' Motion for Summary Judgment (ECF No. 23) and close this case. A separate Order follows

July 31, 2015                                                     /s/
                                                            George L. Russell, III
                                                            United States District Judge

---

[3] Because the Court finds Marshall has failed to demonstrate a claim for deliberate indifference, Marshall's Motion for Summary Judgment, Motion to Appoint Counsel, Motion for Emergency Conference Hearing (ECF No. 42) will be denied.  Also, Marshall's Motion for Settlement (ECF No. 46), and Motions to Stay Proceedings (ECF Nos. 51, 53) will be denied as moot.  The Court will deny Marshall's Motion to Supplement Complaint (ECF No. 50) as futile because he merely alleges facts demonstrating his disagreement with his medical treatment and a claim for medical malpractice, which is insufficient to allege a claim for deliberate indifference. Additionally, Defendants' Motion to Strike Motion for Summary Judgment (ECF No. 43) and Ottey's Motion for Extension of Time to Respond to Motion for Summary Judgment (ECF No. 54) will be denied as moot.